# RECEIVED

JUL 08 2024

KELLY L. STEPHENS, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Elizabeth Nelson et al.,

Appellant

Case No.  24-1219

Vs

Service Towing Inc., et al.,

Defendants

## BRIEF OF APPELLANTS

FOR THE APPELLANTS
ELIZABETH NELSON     pro'se
PO BOX 1422
WARREN MI 48090
3133197370 xpresstax500@gmail.com

ALBERT THROWER     pro'se
PO BOX 6702
CLEVELAND OH 44101
2168566626  althrower1@gmail.com

FOR THE APPELLEES
Rachel Selina
Mark Straetmans
255 E Brown St #320
Birmingham, MI 48009

Mark Stidman
1401 W Forth St Suite 44-1815
Detroit, MI 48244

Jennifer Mead
PO Box 165
Sylvan Lake, MI 48320

## STATEMENT OF THE FACTS

Appellants' are renters 4 unit apartment 7568 Hudson Ave Warren MI 48091, Macomb County Mi. 5/1/20 appellees' city of Warren MI Property & Maintenance Supervisor Scott, Kijewski contacted appellees Service Towing Inc., Able Towing LLC, Hertz Brothers, Sandra Hertz to tow 4 cars from 7568 Hudson Ave Warren MI when city of Warren, State of Michigan was on Emergency Covid orders. No blight ticket or ticket of any kind was written in reference to the cars or property as appellees later alleged with no proof of same.. State of Michigan, city of Warren had "stayed" all evictions because of covid as there was a renter still in the property that had been evicted.. The cars were initially towed under Michigan Abandoned Vehicle statute and to support this the address the cars were towed from was falsified to make it appear as if 4 vehicles were abandoned under MI law, when if the correct had been entered the towed cars would not meet the definition of MI Abandoned Vehicle. Later, appellees appeared to drop this defense and alleged that a "blight" ticket was written on the property at issue but never produced a "blight" ticket, and a ticket for "occupying an uncertified structure" when all eviction were stayed 3/10/20 because of covid. The remaining tenants=BRANSON sisters had their put out stayed 3/10/20 per the record.

Appellants have a claim that the facts accepted as true created a "state created danger" "SCD" for appellants because of the covid emergency in retrieving appellant Nelson=AN 4 cars when 5/3/20 after being notified by friend that cars were gone, appellees proceeded from OH -then a low covid state-per on the record exhibits to MI-then a high covid state per on the record exhibits to retrieve cars. AN=appellant Nelson, could not retrieve 4 vehicles without the help of AT=appellant Thrower, per the record.

ON or about 7//, appellants went to Van Dyke substation to make a police report as to the "falsified address". Appellants were refused the opportunity to make the police report by appellants believe was Doe Police Officer Reichling. This is claim of action.

Appellants sought to amend their pleadings with the last request to amend pleading before magistrate ordered deadline ECF 74 identifying Does and same was never ruled on-assigned as error and timely objected to in the magistrate's report along with other proffered amended complaints.

## STATEMENT OF THE LAW

The law is well settled that government officials must have a search warrant to enter private property. 4, 5, 14th Amendments: in violation of "black letter law", *Collins v. Virginia*, 138 S. Ct. 1663, 201 L. Ed. 2d 9 (2018) recently address "curtilage" and the necessity of the search warrant which the court held was "well settled 'black letter' law. Indeed, *in NILI et al., v City of Warren et al. infra,* @ para 12, the city signed a "consent decree" that an "administrative warrant" would be obtained to enter private property.

Per the 5/1/20 towing, appellees Service Towing Inc., Able Towing LLC=STI, Hertz Bros., Sandra & Edward Hertz-deceased and employee Randy Sullivan-earlier ID's as Randy Hertz falsified the address that cars were towed from to alleged that cars were towed in conformance with Michigan Abandoned Vehicle statute. Later this defense appeared to be abandoned and the appellees relied on a non-existent "blight ticket" as a reason to enter to enter appellants leased property which was there home(s) curtilage, behind a "privacy fence" 7568 Hudson Ave Warren MI a 4 unit building.

Discovery proceeded with ADMISSIONS that cars were towed without Warren police involvement which negated a part of Michigan Abandoned Vehicle statute that "police" could cause a car to be towed.

The 5/1/20 towing was done during covid lockdown & (AT) personal property was removed from "curtilage" of the 5/1/20 towing. Tenants Branson had their eviction "put out" "stayed 3/10/20 because of covid. Appellees rely on a 1/24/20 ticket for "occupying an uncertified structure" as a reason to tow cars when appellant Nelson 2/28/20 tried to pay $350 to set up an inspection date which would have negated the "uncertified structure" ticket but city hall was locked because of the covid.

Several hearings were held by the magistrate in the trial court with appellants filing timely OBJECTIONS TO THE MAGISTRATE'S REPORT, and a timely appeal to the district judge who denied appellants' position without stating "findings of fact or conclusions of law" and a timely appeal followed.

ASSIGNMENT OF ERROR NUMBER ONE

TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS' WHEN IT OPINED THAT APPELLANTS' DID NOT STATE A CLAIM UNDER THE 4TH, 5th, 14TH AMENDMENT WHEN APPELLEES' CITY OF WARREN OFFICIALS WITH SERVICE TOWING INC., HERTZ BROS., EDWARD AND SANDRA HERTZ, OWNERS AND EMPLOYESS ENTERED ON TO APPELLANTS' LEASED PRIVATE PROPERTY AND TOWED 4 VEHICLES AND TOOK PERSONAL PROPERTY FROM THEIR RESIDENCES WITHOUT A SEARCH WARRANT, WITHOUT PROBABLE CUASE, WITHOUT BLIGHT TICKET IN VIOLATION OF *Collins v. Virginia*, 138 S. Ct. 1663, 201 L. Ed. 2d 9 (2018) WITHOUT DUE PROCESS OF LAW

Per the law everything in the appellants' ECF 6 COMPLAINT must be accepted as true same as if rewritten herein: *Anderson v Liberty Lobby*, 477 US 242, 248,

"1) On..5.1.20 .. appellees' entered property at 7568 Hudson Ave Warren MI 48091 and adjacent lot owned by same entity combined into one lot (per public records) and towed 4 vehicles … when courts were closed and covid was raging. No court order was entered to enter property…

6) Cars towed   by APPELLEES' (D) Service Towing Inc, (D) Able Towing LLC, (hereinafter STI) (D) Edward Hertz (deceased), (D) Dennis Hertz, (D) Bruce Hertz, (ID-Doe, or mistakenly ID as Randy Hertz=Randy Sullivan), Sandra Hertz hereinafter appellees' Hertz Brothers & (D) Sullivan.. being called by (D) …. Robert Scott, (deceased)-City of Warren Property & Maintenance Supervisor (substitute Doug Campbell) … called by (D) Scott according to employees of appellee STI.

7) All the cars were owned by appellant Elizabeth Nelson who had lawful authority to park vehicles at … 7568 Hudson Ave Warren.. (behind a privacy-record infra) .. Ex A picture… (annexed to ECF 6)

9) Michigan law does not allow   city of Warren Property & Maintenance Division employees... ID'd appellee (D) Robert  Scott (deceased-substituted, estate, new supervisor Doug Campbell) .. Does (ID'd Gauss, Cummins, … to enter private property ..tow vehicles or to call, conspire with (D) STI Towing …(D) Hertz Bros., employee (D) Sullivan .. to tow vehicles off private property without court order or take personal property (belonging to appellant Thrower-per complaint)

10) There was no "probable cause" as defined by the 4th Amendment of the United States Constitution … and no search Warrant was issued. The Fourth Amendment of the United States Constitution is applicable to the states via the 14th Amendment,  and there was no court order issued to tow 4 cars and take personal property …    4th Amendment to the United States Constitution states:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures,
shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly
describing the place to be searched, and the persons or things…" *Collins v. Virginia*, 138 S. Ct. 1663,

stated again @ ECF 105 OBJECTION MAGISTRATE'S REPORT pg 1 para 1, pg. 2 para 1, and appellants' are pro'se and should be held to "more liberal standard", *Haines v Kerner,* 404 U.S. 519

Per *Collins v. Virginia*, 138 S. Ct. 1663, 201, reaffirmed that the 4th Amendment included "curtilage has long been black letter law". "Fourth Amendment's protection of curtilage has long been black letter law. "[W]hen it comes to the Fourth Amendment, the home is first among equals." *Florida v. Jardines*, <u>569 U.S. 1, 6</u>, "At the Amendment's 'very core' stands 'the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.' " *Ibid.* (quoting *Silverman v. United States*, <u>365 U.S. 505, 511</u>, To give full practical effect to that right, the Court considers curtilage—"the area 'immediately surrounding and associated with the home' "—to be " 'part of the home itself for 4th Amendment purposes.' " *Jardines*, <u>569 U.S., at 6, 133 S.Ct. 1409</u> (quoting *Oliver v. United States*, <u>466 U.S. 170, 180</u>, "The *<u>protection afforded the curtilage is essentially a protection of families and personal privacy in an area intimately linked to the home</u>*, both physically and psychologically, where privacy expectations are most heightened." *California v. Ciraolo*, <u>476 U.S. 207, 212–213</u>, When a law enforcement officer physically intrudes on the curtilage to gather evidence, a search within the meaning of 4th Amendment has occurred. *Jardines*, <u>569 U.S., at 11</u>, Such conduct thus is presumptively unreasonable absent a warrant."

ECF 6 "11) No warning was given that said vehicles were to be towed to (appellants') .. or take personal property off the 7568 Hudson Ave … premises …".

Per ECF 6 "12) (Appellants') aver …city of Warren.. (D) SCOTT, … have a "special relationship' (as admitted in appellee (D) STI filings have the contract to tow cars) and entered into a 'conspiracy' with private entity (D) STI, (D) Hertz Bros., (D) Edward Hertz, Sandra Hertz, (ID'd Doe Randy Sullivan), to 'tow cars off private property' in Warren.. to obtain towing fees, storage fees during the covid pandemic… and appellants were in 'self isolation' … being 'at

risk' category generating cash for appellee (D) STI ... et al., rewarding STI, (D) Hertz Bros., for (D) city of Warren towing contract.

13) Appellee (D) Robert Scott being aware ... covid .. raging used the opportunity to tow $30,000 book value cars to appellee (D) STI .. (D) Hertz Bros. could incur exorbitant tow fees, and quickly obtain title to ... vehicles and auction off .. for personal gain ...

16 ) Part of the conspiracy (overt act) ...appellee (D) Scott, city of Warren .. Doe employees (later ID'd but not allowed amended in) .. (D) STI..(D) Hertz Bros. (D) Sandra Hertz, (D) Edward Hertz, Doe Warren police Dept officers, was to falsify address from where cars are taken to make it appear as if the cars were towed in accordance with Michigan law as abandoned vehicles when said cars were not towed in accordance with Michigan law and not abandoned due to the falsified paperwork at the direction of or in concert with (D) Robert Scott Supervisor.. Doe .. Hertz Bros., STI< AT LLC< Sandra Hertz, Edward Hertz"

16) This falsification of address from correct address of 7568 Hudson Ave ... to incorrect address 7528 Hudson Ave See Ex B: Michigan Dept of State PETITION FOR HEARING ON ABANDONED VEHICLE caused (MI) Dept of State to issue-ECF6 Ex B fraudulent paperwork as to where the vehicles were towed from, See ECF6 Ex C pg 1-4, (D) STI receipts showing same 'falsified address'.... (D) Scott, ...(D) Does .. being aware MCL 257.252 Abandoned Vehicle .. cannot enter private property to tow properly registered vehicles (appellant) Nelson 7568 Hudson Ave registration ECF6 Ex D: 2009 Silverado, ECF6 Ex E Michigan SOS receipt for tags, plates ...

"20) Appellees took appellant Nelson vehicles, appellant Thrower personal property (from the 7568 Hudson Ave home) in violation of 4, 5, 14th Amendment of the United States Constitution

28) Appellants alleged Petition for hearing on abandoned vehicle ECF6 Ex B is void, void ab initio since caused to be issued via falsified paperwork, falsified address ....

29) ... address 'falsified' to 7528 Hudson Ave to submit paperwork to .. Michigan Dept of State (DOS) who then caused.. to issue false ECF6 Ex B: Petition for Hearing on Abandoned Vehicle when said vehicles were not abandoned under Michigan law. ...

30) .. Ex B pg 2 'Michigan Vehicle Code Act 300 of 1949' ... (2) .... Any of the following: (a) A vehicle that has remained on private property without the consent of the owner (b) A vehicle that has remained on public property ....

CLAIMS: .. per facts same rewritten herein  First Claim: 43)  42 USC Sec 1983-Against all defendants 4, 5, 14th Amendment United States Constitution

47) (3rd Claim) Appellants STI, Hertz Bros., Sandra Hertz, Edward Hertz, ... Doe, Scott, City of Warren ... made an unreasonable and warrantless seizure of (appellants') property, seizing 4 vehicles, personal property in violation of 4TH amendment Constitution of the United States....14[th] Amendment...", & taking property without Due Process of law under the 5[th] & 14th Amendment US Constitution.

Appellants' aver appellees' "by 'state actors', 'government officials' or private parties acting 'in concert', 'conspiracy' with same appellant Nelson 4 vehicles were at her 'home'. Appellant Thrower (AT) had 'personal property' removed from his MI 'home' by 'state actors' (D) Scott, Does from 7568 Hudson Ave ...(infra Exh's are from ECF 98):Ex 1-appellant Nelson=(AN) lease, Ex 2 (appellant-Thrower)= (AT) lease-7568 Hudson Ave, Ex 3 (AN) Driver's License, Ex 4 (AN=appellant Nelson) Mail, Ex 25-26 (AN) Tax returns, Ex 14 Adjacent lot ownership, Ex 12 Consumer's Energy bill Ex 17 Insurance papers pg I-4..Ex 22 *NILI et al v City of Warren et al* consent decree (objection to magistrates report pg 4-5) @ para 12 (D) city of Warren agree to obtain administrative warrant if denied entry,..."

ECF 105 Obj to Magistrates Report pg 5 para 2 in re appellants' STI, Hertz Brothers, Sandra Hertz, Edward Hertz entering appellants' leased premises "Sixth Cir in Nugent v Spectrum Juv Servs, 72 F4th 135, 139-140 '..test ..employed to determine when a private entity may qualify as a state actor, including the entwined test..private entity is entwined in the private entity's management or control' *Brentwood Acad v Tenn Secondary Scholl Athletic Ass'n*, 121 SCt 924. In this case ... facts in complaint that appellant STI, Hertz Bros were called to tow cars off private property by 'state actors'. See ECF105 Ex 5,6,7,9 ADMISSION. ...STI, HERTZ BROS tow company claim they have a contract with (D) city of Warren that mandates they comply with city of Warren employees requests.... Shows 'as to the elements of these three theories... nexus

test, state compulsion test, and conspiracy framework are all sufficient bases on which to find private company defendants liable under Sec 1983' *Memphis Tenn Local .. v City of Memphis*, 361 F3d 898, 905

Per exhibits *infra* are referenced in ECF 98   (Ds') STI, Hertz Bros appear confused and argue that since police are not involved in the illegal tow scheme, then they are not liable. (D) Scott, Doe -Kijewski, et al., are "state actors" for 42 USC Sec 1983 purposes. 1st, police or (D) Warren city workers (D) Scott is a "state actor" so it does matter if the police are involved or not. 2nd) Ex 19 pg 1-4 receipts from (D) STI say "Reqd By: WARREN POLICE DEPARTMENT", so if the under oath ADMISSIONS Ex 5-9 police were NOT involved, creates allegation of further "falsified STI receipt", to allege "Warren Police Dept" "Reqd" tow to CYA (Ds') STI, Hertz Bros. towing cars during covid pandemic.  Further, under "Abandoned Vehicle" statute (Ds') STI, Hertz Bros tow company are not allowed to tow cars off private property unless called by the property owner or police.  (Ps'-appellants') state that being aware of this (Ds'-appellees')  STI tow company, Hertz Bros "falsified the address" cars were towed from correct address-where they were titled to 7568 Hudson Ave, to incorrect address of "7528 Hudson Ave".  Like tow companies in *Robertson v Breakthrough et al*,  argues state law has exclusive "subject matter jurisdiction", "Mich Comp L Sec 257.252e(1), ..relies on *Gilbert-Rutter v Parkview Towers*..WL 2016 3913713 at 2  (ED MI).. however *Gilbert-Rutter*.. concerned a single plaintiff challenging the one-time tow of a vehicle with expired plates".  See Ex 23 *Gilbert-Rutter v Parkview Towers et al., Case 16-11-10,*  dismissing pro'se complaint @ p 3 para 1 "In Plaintiff's amended complaint, all allegations .. legality of towing of her car from private property of Defendant Parkview Towers. Plaintiff admits she was given 48 hours notice by Parkview towers prior to towing of her car. She admits that her car had expired plates, and that the car was considered abandoned. Plaintiff also admits that the lease that she received from

Case: 24-1219    Document: 13    Filed: 07/08/2024    Page: 9

Parkview states that a vehicle can be towed for expired plates. Plaintiff also admits in her complaint that she could have retrieved her vehicle from the police but did not pay required fee. Per MCL §257.252a(2)(a), an abandoned vehicle is defined as, inter alia, "[a] vehicle that has remained on private property without consent of owner." (P) lease, Parkview could remove cars parked on their property that had expired registration plates. Parkview had a contract with Goch & Sons Towing..". Hence owner of property, Parkview Towers called tow company .. expired plates, after giving 48 hours notice pursuant to renter Gilbert-Rutter's per written lease, within the direct language Mich Comp L Sec 257.2523(1) Ex 16 MI Abandoned Vehicle Code." The magistrate opinion was not appealed by plaintiff in *Gilbert-Rutter v Parkview Towers et al.*. Case *sub judice*, is differentiated because 4 cars were towed, b) towed during covid lockdown 5/1/20, c) state actors or STI tow company under Mi Abandoned vehicle code was not allowed on private property to tow cars d) cars had current plates, insured to same address as (PN) owner's driver's license e) Came on private property without warrant behind a privacy fence f) "falsified the address on the paperwork 4 cars were towed from and submitted falsified paperwork to Warren Police Dept which in turn submitted same LIENS computer, Michigan Secretary of State (SOS) Ex 32 pages 1-2 & Ex 33 MAZDA registration-same address 7568 Hudson Ave. g) "other acts" case 23-cv- 11508 *Nelson et al., v Scott et al.*, where same defendants and tow company towed different cars 7/7/21, and tow company (Ds') worked with (D) Scott to "set up" (PT) .. citizens arrests (P) Thrower Ex 24 Warren 7/16/21 police report. "scheme… violated federal statutes and constitutional rights –all 'arise under the Constitution, laws, treaties of United States.' 28 USCA Sec 1331. Court has jurisdiction. *Carmen Auto Sales III Inc. v City of Detroit*, 2018 WL 1326295, @ 3-4", "explaining: 'Congress—not state a state legislature—controls federal court jurisdiction..nothing in Sec 257.252e(1).. limits a federal

court's jurisdiction to hear federal claims…'" *Robertson et al v Breakthrough et* al., pg. 11.

Indeed, per facts complaint,  Michigan Vehicle Code Sec 257.252e(1), does not even apply to the

facts accepted as true, since only property owner or police can authorize tows off private

property, which "state actor" (D) Scott states under oath  ADMISSION "police not involved" Ex

9 para "1) Who contacted Service Towing Inc. … in re the 4 vehicles towed from 7568 Hudson

Ave., Warren MI 48091 and the adjacent lot 5/1/2020?  Response Brian Kijewski-Area 33

Inspector", working under Supervisor of Property & Maintenance, (D) Scott, per under oath

response, Doe-Kijewski is not a police officer.  "7) Where you present 5/1/20 @ 7568 Hudson

Ave Warren Mi and the adjacent lot when the 4 vehicles were towed?..Response YES…9) Were

the Warren police present for the towing of the 4 vehicles from 7568 Hudson Ave Warren MI

48091 and the adjacent lot… Response No.".   Hence,  *"Breakthrough's* authority to tow vehicles

derives from Michigan Vehicle Code, which allows for towing of an 'abandoned vehicle'—that

is 'a vehicle that has remained on private property without consent of the owner' Mich Code L,

Sec 257.252a(2)(a). A towing agency may take custody of an abandoned vehicle through one of

two ways: (i) .. direction of a police agency, see Sec 257.252(a)(4), or (ii) at the request of the

owner of the private property where the abandoned vehicle is located, see Sec 257.252a(10)."

Hence tow company (Ds')=appellees STI, Hertz Bros cannot rely on a state code to violate (Ps)

US Constitutional rights that does not even apply per the facts accepted as true.

Ex 20 pg 1-2 =  4 cars parked on  (Ps') private property.  The owner of the property, Saint

Anthony the Great Orthodox Monastery, per Ex 21 LARA form Michigan SOS, Ex 13 Deed

pages 1-4 includes 5 properties including 8075 Packard Ave Warren where (PN) lived before

7568 Hudson Ave-per Ex 36 expired driver's license, Ex 14 Adjacent lot. 3 of the cars were

parked on the grass of adjacent lot owned by Saint Anthony the Great Orthodox Monastery. 1 of

cars 2012 NISSAN Sentra was parked on concrete as Ex 20 pg 2 clearly shows yet all

ADMISSIONS claim cars were ALL parked on grass. Each car towed also-an "overt act". That

leaves "(i) the direction of a police agency, see Sec 257.252(a)(4). Per Ex 9 Under Oath

Admissions of (D) Robert Scott, para "1) Who contacted Service Towing Inc. … in re the 4

vehicles towed from 7568 Hudson Ave., Warren MI 48091 and the adjacent lot 5/1/2020?

Response Brian Kijewski-Area 33 Inspector", working under Supervisor of Property &

Maintenance, (D) Scott, per under oath response, Doe-Kijewski is not a police officer. "7)

Where you present 5/1/20 @ 7568 Hudson Ave Warren Mi and the adjacent lot when the 4

vehicles were towed***?..Response YES...***9) Were the Warren police present for the towing of the

4 vehicles from 7568 Hudson Ave Warren MI 48091 and the adjacent lot…No.".  Police have

not been identified or served in this action as all appellees per under oath ADMISSIONS state

"police not involved". "For appellants to state a claim for civil conspiracy, 'all that must be

shown is that there is a single plan,.. alleged coconspirator shared in the general conspiratorial

objective, and that an overt act was committed in furtherance of the conspiracy that caused injury

to the complainant", *Memphis*, 361 F3d 905. The "conspiracy" was to tow 4 licensed, , insured

cars from (AN-appellant Nelson) home and take (AT-appellant Thrower) personal property

during the covid pandemic when "citizens" not involved in fighting covid were not allowed on

the street. It is well settled law that private parties can "conspired with state actors.  (Ds') STI,

AT LLC employees Hertz Bros., Sandra Hertz, Edward Hertz, Randy Sullivan acted "in concert",

"conspiracy" with state (Ds'), engage in conduct under "color of State law," .. subject to liability

under section 1983 where they "act jointly" or conspire with state government officials. See, e.g.,

*Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n,* 531 U.S. 288, 296 (2001*); Tower v. Glover,*

*467 U.S. 914, 919 (1984); Dennis v. Sparks, 449 U.S. 24, 27 (1980); cf. United States v. Price,*

*383 U.S. 787, 794 (1966)* (holding that, for purposes of finding liability under the criminal law analogue of section 1983, 18 U.S.C. § 242, private individuals acting jointly with state officers engage in conduct "under color" of state law). All private appellees ABLE TOWING LLC, SERVICE TOWING INC., owners (D) EDWARD Hertz (deceased), DENNIS HERTZ. BRUCE HERTZ, SANDRA HERTZ and their employee=Randy Sullivan via agency law "act jointly" and / or "conspire with state government officials" i.e. appellee (D) City of Warren Property & Maintenance Supervisor Scott et al., *Brentwood Acad. V Tenn. Secondary Sch. Ath. Ass'n, supra* with City of Warren MI Property & Maintenance division, (d) Robert Scott, Cummins, Gus Ghanam, Warack, Kijewski, Does, (Ds') all acting in their 'individual capacities" at all times per facts of this complaint and conspired with private towing company STI, AT LLC and Hertz Bros., Sullivan, employees. Appellees' (Ds') STI, AKA AT LLC, Hertz Bro, Edward & Sandra Hertz, claim they were "just fulfilling a contract", with (D) city of Warren, yet the existence of a "contract", "with state and private actors, so that the action may be attributed to the state', 'to take a particular action so .. really that of the state'" *Robertson et al v Breakthrough* et al @ 12. See *Memphis Tenn Area Loc Am Postal Workers Union AFL-CIO v Memphis,* 361 F3d 898, 905, "nexus test, state compulsion test, and conspiracy framework are all sufficient bases on which to find the private company liable under Sec 1983..elements of these three theories: * 'The state compulsion test requires proof that the state significantly encouraged or .. coerced either overtly or covertly, to take a particular action so that the choice is really that of the state.' *Moldowan,* 578 F3d at 399. The "particular action" i.e. illegally tow cars, appellees (Ds') STI, Hertz Bros., Edward & Sandra Hertz, employee Sullivan is mandated by their "contract", "so that choice is really that of.. state' *Moldowan, Id.* " ".. nexus test requires a sufficient close relationship (i.e. through state regulation *or contract)* between ..state and..private actor so… action may be

attributed to the state.'" *Robertson et al v Breakthough Towing et al.*, at 12, i.e., "contract"

appellees (Ds') STI, Hertz Bros claim for immunity, in the law shows liability, "contract)

between the state and private actor .. action may be attributed to the state.'" *Robertson et al v*

*Breakthrough Towing et al.*, Id. * 1983 civil conspiracy occurs where 'private party has

conspired with state officials to violate constitutional rights, and (3) an overt act was committed.'

*Revis v Meldrum,* 489 F3d 273, 290 CA6", *Robertson et al v Breakthrough Towing et al., supra*

@ p12     The fact that the 4 cars were illegally towed is "1983 civil conspiracy occurs... violate

constitutional rights..and (3) an overt act was committed.'"    Overt Act: =  Ex  9  (D) "state

actor" Warren Property Maintenance Supervisor Scott ADMISSION,  he was there, telephone

call Ex  5  (D) Bruce Hertz  ADMISSION, telephone call, "falsified address 4 cars towed from,

cars towed off "private property". Ex 19 appellees (Ds') STI, Hetz Bros, Edward & Sandra

Hertz, Sullivan-employee falsified tow sheets, falsifying the address from correct address, 7568

Hudson Ave Warren, to incorrect address "7528 Hudson Ave Warren MI", that 4 cars were towed

from- falsified data was allegedly given to Warren Police Department enter into LIENS

computer, See Ex 32 pg 1, 33 Michigan (DOS) NOTICE OF ABANDONED VEHICLE, Ex 34

Registration all for same address  two (2)   2012 MAZDAs #1   "Owner Name and Address:

2012 MAZDA JM1CW2CL0C01363 SW

Elizabeth Luise Nelson   (see Ex 34 matching Registration for this MAZDA)
7568 Hudson Ave
Warren MI 48091
DATE VEHICLE ... LOCATION
05/01/2020 *__7528 Hudson__* Ave Warren"

"overt act" MAZDA #2: "Owner Name and Address: 2012 MAZDA  -Ex 32 pg 2 Abandoned
Vehicle Petition (VIN) JM1CW2BLXC0125056

Elizabeth Luise Nelson
7568 Hudson Ave

Case: 24-1219     Document: 13     Filed: 07/08/2024     Page: 14

Warren MI 48091
Date Vehicle Location
05/01/2020 _**7528 Hudson**_ Ave Warren…", again "falsifying address" submitting same to Warren Police to enter into

LIENS computer causes falsified address to appear on PETITION FOR HEARING ON ABANDONDED VEHICLE. 1 of cars towed was registered to 8075 Packard Ave Warren MI 48089 that was on a (AN) earlier driver's license Ex 36-expired 12/19 & updated with 7568 Hudson Ave Warren MI address, a property (PN) lived at before moving to Hudson Ave and also then owned by Saint Anthony the Great Orthodox Monastery per Ex 14 four page deed of listing 5 properties.

(D) STI, Hertz Bros., knowing it would look suspicious taking 2 MAZDAs -& 2 other cars from exact same address it's registered to & not fit definition of MI Abandoned Vehicle statute, "falsified the address"="overt act" to 7528 Hudson Ave Warren -submitting "overt act" same to Warren Police for LIENS -who in turn notified Michigan DOS with falsified address.  Ex 7 (D)=appellee Dennis Hertz admitting to towing 1 car, telephone call from "state actor" to tow cars=overt act state compulsion test, and conspiracy framework are all sufficient bases on which to find the private company liable under  Sec 1983, I.e., private appellees STI, Hertz Bros state they have a "contract", hence their "contract" with appellee (D) city of Warren requires (D)-appellees STI, Hertz Bros, Edward & Sandra Hertz to violate (appellants') US Constitutional rights, enter private property-tow cars in violation of 4,5,14[th] Amendments US Constitution, "so that.. choice is really that of ..state'" _Moldowan, Id._    and "contract" claimed by (Ds') STI, Hertz Bros. to make them not liable is in fact "*  .. that the nexus test requires a sufficient close relationship (i.e. through state regulation _or contract)_ between the state and the private actor so that the action may be attributed to the state.' " _Robertson et al., v Breakthrough Towing et al., supra._ **Due Process:** The due process clause of the Fourteenth Amendment ensures that no party will be deprived of property without notice and an opportunity to be heard at a meaningful time and in a meaningful manner. _Fuentes v. Shevin,_ 92 S. Ct. 1983, .. Fourteenth Amendment protection of property has been broadly extended to "any significant property interest." _Boddie v._

*Connecticut.* 401 U.S. 371, 379,  It is undisputed .. Uninterrupted use of one's vehicle is a

substantial property interest, and that before "local government may so interrupt its use, ..owner

is entitled to due process." *Bell v. Burson,* 402 U.S. 535, 539. "state actors". Several of the

"overt acts" are: 1) coming on the private property to tow the cars and take the personal property,

2) falsifying the address the cars were towed from. 3) Telephone call from City of Warren

Property & Maintenance Doe Kijewski to STI, Hertz Bros Towing.   MI Code L Sec

257.252a(2)(a) statute Warren Property and Maintenance Supervisor, appellees (D) SCOTT,

Doe- Kijewski has "no authority" to tow vehicles off "private property" in violation of well

settled "black letter" law 2018 *Collins v Virginia,* as "property and maintenance" employees for

(D) City of Warren are not police officers. "Sec 257.252a(2)(a). A towing agency may take

custody of an abandoned vehicle through one of two ways: (i) at the direction of a police agency,

see Sec 257.252(a)(4),..".  Hence, appellee (D) STI, Hertz Bros entered into a conspiracy,

meeting of the minds, with "state actors" (D) Scott, Doe Kijewski  evidenced by appellee STI

admitted "mystery contract" to violate (Ps') US Constitutional rights acting in their "individual

capacities". ".. that the nexus test requires a sufficient close relationship (i.e. through state

regulation *or contract)* between the state and the private actor so that the action may be attributed

to the state.'" *Robertson et al v Breakthough Towing et al.,* at 12", Appellee (D) Scott, per under

oath ADMISSIONS Ex 9 swear police "were not involved" although he admits to being present.

Perhaps this is why after towing, appellees  (Ds') Scott, STI, Hertz Bros Sullivan "overt act",

"falsified the address" 4 vehicles were towed from to "coverup" that same were towed off a

different address of private property, per Ex 20 pg 1-2, 4 cars pictured BEFORE Towing and

further why appellees  (Ds') SCOTT, shifted reason to tow from "Abandoned Vehicles" to a

non-existent alleged blight ticket as fully articulated in earlier filings.

Appellees (Ds') STI, Hertz Brothers cite a "contract" with city of Warren tow cars when called by Warren City employees. (Ds') STI, Hertz Brother's have not produced this contract, and (Ps') aver that it should not be allowed as a defense, said "mystery contract". Further, said contract would be illegal if interpreted to enter private property at the request of (D) city of Warren Property & Maintenance employees, supervisor appellee (D) Scott to tow licensed, plated, insured vehicles registered to same address. "Private parties may also be liable under Sec 1983 if they 'willfully participated in joint actions with state agents' by joining a civil conspiracy with state officials *Memphis Tenn Area Loc., Am Postal Workers Union, AFL CIO v City of Memphis*, 361 F3d 898, 905 CA 6. "knowingly allowed the seizure ...in reckless disregard of statute requirements' ...violated Plaintiffs clearly established Fourth Amendment rights to be free from unreasonable seizures' *Livingston*, 151 F.App'x at 476..for plaintiffs to state a claim for civil conspiracy 'all that must be shown is that there was a single plan", appellees STI, Hertz Bros, Sandra Hertz, Edward Hertz-private parties aver "mystery contract" allows them to break the law, violate United States Constitutional rights, yet fails to produce same ," .. nexus test requires a sufficient close relationship (i.e. through state regulation *or contract)* between...state and.. private actor so ..action may be attributed to the state.'" *Robertson et al v Breakthough Towing et al.*, at 12", & at *Robertson et al., v Breakthrough Towing LLC et al.*, @ p 6 para 2, "Plaintiffs .. suggest that ..tows were effected without any request vehicle that the vehicle is being removed'. Mich Comp. L. Sec 257.252a(11)." Owner of property owner, a circumstance not authorized by Mich. Code L Sec. 257.252a", as again to why (Ds') STI, Hertz Bros., Sullivan would "falsify the address" from the actual towed from property 7568 Hudson Ave to "manufactured for the occasion" address of 7528 Hudson Ave Warren Mi-to boot strap Mich Abandoned Vehicle Code. "Before removing the vehicle from private property, the towing

agency shall provide notice by telephone, or otherwise, to a police agency having jurisdiction

over the "mystery contract" not produced in discovery cannot be relied upon to break the law,

violate the constitution and contract shows "may be subject to liability under section 1983 where

they "act jointly" or conspire with state government officials. See, e.g., *Brentwood Acad. v. Tenn.*

*Secondary Sch. Ath. Ass'n,* 531 U.S. 288, 296 (2001*); Tower v. Glover, 467 U.S. 914, 919 (*1984);

*Dennis v. Sparks, 449 U.S. 24, 27 (1980); cf. United States v. Price, 383 U.S. 787, 794 (1966*)

(holding that, for purposes of finding liability under the criminal law analogue of section 1983,

18 U.S.C. § 242, private individuals acting jointly with state officers engage in conduct "under

color" of state law). All private defendants ABLE TOWING LLC, SERVICE TOWING INC.,

owners (D) EDWARD Hertz (deceased), DENNIS HERTZ. BRUCE HERTZ, SANDRA HERTZ

and their JOHN DOE* employees=Randy Sullivan via agency law "act jointly" and / or

"conspire with state government officials" i.e. (D) City of Warren Property & Maintenance

Supervisor Scott et al., *Brentwood Acad. V Tenn. Secondary Sch. Ath. Ass'n, supra* with City of

Warren MI Property & Maintenance division, (d) Robert Scott, Cummins, Gus Ghanam, Warack,

Kijewski, Does, (Ds') all acting in their 'individual capacities" at all times per facts of this

complaint and conspired with private towing company STI, AT LLC and Hertz Bros., Sullivan,

employees. "Falsifying the address" that the cars were towed from can be interpreted by a jury of

"consciousness of guilt", evidence of a "guilty state of mind", and "cover-up", "overt act", in

"tandem", "concert" of crime since the address provided on tow receipts showed a different

address cars towed from to support "abandoned vehicle" theory under Michigan "Abandoned

Vehicle" code. *People v Leyra*, 1 NY2d 199, 208 "The assertion of false explanations or alibis

as well as the destruction or concealment of evidence comes within the broad category of

conduct evidencing a 'consciousness of guilt' and, therefore, admissible, and relevant on the

14

question of a defendant's guilt". "concealing" correct address cars towed from, " comes within the broad category of conduct evidencing a 'consciousness of guilt' and, therefore, admissible, and relevant on the question of a defendant's guilt". See "other acts" of city of Warren, Ex 29 6/24/23 "Warren police officer caught on video punching jail inmate pg 1-5. See Exhibit 24 Warren Police Report dated 7/16/21, "other act" (Ds') STI, Hertz Bros., working w "state actor" (D) Scott in re "citizens arrest" @ (Ds') STI tow yard, Hertz Brother, Sullivan defendants

> (D) Scott although admits to being present Ex 9 ADMISSIONS para when the cars were towed appears to deny liability even though he is a supervisor and (D) Doe Kijewski works under him @ Warren Property & Maintenance

> One theory that civil rights attorneys have used to establish § 1983 liability is a ratification theory. Under a ratification theory, the plaintiff argues, that because the municipality subsequently approved of conduct by its officials that deprived the plaintiff of his constitutional rights, the municipality should be liable under §1983. In City of St. Louis v. Praprotnik,4 a plurality in the United States Supreme Court accepted this theory: when a final policy maker "approve[d] a subordinate's decision and the basis for it, their See City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)  (Ps') aver that (D) STI admission of "tow contract" with (D) city of Warren, "approved of the conduct by its officials that deprived the plaintiff(s) of (their) constitutional rights,…the municipality should be liable under Sec 1983" Id" .

THE MAGISTRATE ERRED TO THE PREJUDICE OF THE PLAINTIFFS
WHEN IT FAILED GRANT  SAC (ECF No. 10, 11) AND GRANT MOTION
FOR LEAVE TO FILE SAME, AND GRANT COURT ECF 74  IDENTIFYING
DOES TIMELY PER ECF 63 INITIAL SCHEDULING ORDER, ECF 58
OBJECTION, AND FAILED TO ALLOW ECF 74 NAMING DOE
DEFENDANTS TO PROCEED DENYING APPELLANTS "ACCESS TO THE
COURTS", 1st, 14th AMENDMENT US CONSTITUTION

@ Para 2  "On July 22, 2022, Plaintiffs filed-*and both signed-a motion for leave to*
*file a second amended complaint (ECF No. 10) and proposed second  amended*
*complaint (SAC) (ECF No 11),* to 'add more articulate claims' and to identify
James Cummins and Gus Ghanam as two of the John Doe Defendants (ECF No.
10, PageID,75; ECF No. 11, PageID,7879). Although the Court had not yet ruled
on the motion, which remains pending *Foman v Davis,*  371 U.S. 178 (1962),[1] was a case
in which the <u>Supreme Court of the United States</u> interpreted <u>Fed. R. Civ. P.</u> 15(a)[2] to require
that federal courts grant a party leave to amend a pleading absent special circumstances such as
bad faith or prejudice to the opposing party. It has been recognized by both other courts[3] and
secondary sources[4] as a leading decision on the interpretation of Rule 15(a).  Court erred to
prejudice of appellants' by dismissing this (SAC) (ECF No 11), as leave was sought by separate
motion, ECF 11 citing *Foman v Davis,  Id.,* and striking same.

At pg. 5 of Magistrate Report same states "B. Under Fed. R. Civ. P. 15(a),
a party may amend its pleadings at this stage of the proceeding only after obtaining
leave of court.  The Rule provides that the Court should freely give leave for a
party to amend its pleading 'when justice so requires'...."     While citing the
correct rule and law, magistrate  failed to rule on ECF No. 10 7/22/22, & ECF 11,
7/22/22.   1st, the (Ps') have a right to said ruling on pending SAC and in a timely
manner. The accepted time is 90 days. Instead, the magistrate did not issue a ruling
and summarily dismissed same 1/25/23, 6 months later without stating "findings of
fact or conclusions of law" relevant as to why dismissed.  Appellants rather than

*iC*

Case: 24-1219     Document: 13     Filed: 07/08/2024     Page: 19

lack of diligence, through their diligence identified DOES listed in the original
complaint that caused the United States Constitutional violations supplying proof
they were on the private property at issue. Per Ex  A annexed to record ticket dated
5/1/2020 signed Ghanam proved he was on  property when 4 cars were towed.
Image dated 5/1/20 of cars in driveway before towing was obtained from City
Attorney Mary Michaels through another legal matter indicating Doe Defendant
City Prosecutor Michaels was forwarded image of cars on driveway @ 7568
Hudson Ave Warren MI 48091 and gave legal decision to tow cars at issue. Court
erred by not granting leave to file SAC ECF No. 10, 11.  SAC ECF 11, should be
the operative complaint identifying JOHN DOE defendants  or ECF 74 "In *Cirino
v. Ocwen Loan Servicing, LLC*, No. 19-55817 (9th Cir. Aug. 7, 2020)
(unpublished), the Ninth Circuit notes that a plaintiff does not have to replead a
dismissed cause of action in an amended complaint in order to preserve error. The
plaintiff may instead continue its case with the remaining claims." Objection to Magistrate's
Report ECF  (2nd Claim) Appellees' Service Towing Inc (STI), Hertz Bros.,  STI employees,
Hertz Bros., employee STI Sullivan ... (Ds') Scott, (D) (Does) (the trial court ordered the
appellants' to file an amended complaint identifying Does by 6/2/23 which they did but trial
court failed to rule on adding ID's Does to n ECF 71,  Does were served with SUMMONS per
the record and responded per earlier filings.  unlawfully deprived appellant Nelson of her 4
vehicles, and appellant Thrower of personal property without Due Process of law  in violation of
the 4, 5, 14th Amendment of the United States Constitution and failed to allow ecf 74 naming doe
defendants to proceed denying appellants "access to the courts", Ist, 14th amendment  US
Constitution

*17*

GROUND NUMBER THREE

TRIAL COURT ERRED TO THE PREJUDICE OF THE PREJUDICE OF THE
APPELLANTS WHEN IT DID NOT STATE APPELLANTS' STATED A CLAIM UNDER 4,
5, 14th AMENDMENT UNITED STATES CONSTITUTION WHEN DOE WARREN POLICE
OFFICER VAN DYKE SUBSTATION DID NOT ALLOW **APPELLANTS'** TO FILE A
POLICE REPORT IN RE FALSIFIED ADDRESS ON THE PAPERWORK WHERE 4 CARS
WERE TOWED FROM BY APPELLEES' SERVICE TOWING INC, ABLE TOWING LLC,
HERTZ BROTHERS, STI EMPLOYEE RANDY SULLIVAN, EDWARD HERTZ
(DECEASED-SUBSTITUTE ESTATE) FROM ACTUAL ADDRESS 7568 HUDSON AVE
WARREN WHERE CARS WERE REGISTERED AND TOWED FROM TO FALISIFED
ADDRESS OF 7528 HUDSON AVE TO FIT MICHIGAN ABANDONED VEHICLE
STATUTE

Per ECF 6, complaint which must be accepted as true *Anderson v. Liberty Lobby, Inc.*, 477
U.S. 242 (1986) Per 4, 5, 14th Amendments US Constitution in violation of "black letter law",
*Collins v. Virginia*, 138 S. Ct. 1663, 201 L. Ed. 2d 9 (2018

"16) "Part of the conspiracy is for ID'd .. Robert Scott, (deceased substitute estate of Scott
and/or new Property & Maintenance Supervisor Doug Campbell) …Service Towing Inc (STI,
Edward Hertz (deceased-substitute estate), Dennis Hertz, Sandra Hertz, was to falsify the address
from which the cars are taken to make it appear as if cars were towed in accordance with
Michigan law as abandoned vehicles when said cars were not towed in accordance with
Michigan law and not abandoned due to falsified paperwork .."

16) (sic) This falsification of address from correct address of 7568 Hudson Ave Warren Mi
48091 to and the adjacent lot to incorrect address 7528 Hudson Ave .. See Ex B (annexed to ECF
6) Michigan Dept of State Petition for Hearing on Abandoned vehicle caused ..(DOS) to issue Ex
B fraudulent paperwork as to where the vehicles were tolled from See Ex C pg 1-4, Ex D STI,
Able Towing LLC receipts showing … 'falsified address'…Scott, Does, ..being aware .. law
MLC 257.252 Abandoned Vehicle .. that they cannot enter private property to tow properly
registered vehicles to ..(appellant) Nelson-7568 Hudson Ave.. registration Ex D: 2009 Silverado
… Ex E MI (SOS) receipts for tags, plates .."

18) …about 7/30/21 (appellant) Thrower attempted to make a police report with Warren Police
Dept ..concerning the 'falsification' of address on paperwork where the 4 vehicles were towed
from. … (D) City of Warren, Police Dept refused to file the police report … (appellants) had a
US Constitutional right to make a police report since physical paperwork shown to the Doe
Warren police officer exposed the address was falsified …'failure to report a crime'.

*18*

See CLAIM IV pg 22 is the claim for Doe Warren police officer failure to file a police report in re "falsified address" on the paperwork from appellees' STI, Hertz Bros., Randy Sullivan, Edward Hertz-deceased-substitute estate, Sandra Hertz, "violated (appellants') United States Constitutional rights to Due Process &/or Equal Protection of the laws..

The trial court erred by not addressing the falsification of the address in re "overt act" of conspiracy, with (D) Scott-(substitute estate, Doug Campbell), and "consciousness of guilt" of appellees' to substantiate facts in complaint and stating that appellants' stated a claim per this falsification

.       "knowing use of falsified evidence" The Fourteenth Amendment cannot tolerate … secured by the knowing use of false evidence. *Mooney v. Holohan*, 294 U.S. 103 , followed. Pp. 2-7. *Miller v Pate, 386* US 1, 6-7 (1967)

24) Appellants aver that it was appellee  Reichling-Warren police officer that did not allow appellants to file police report.  Dwyer being Warren Police Commissioner had a duty per employment contract Q-for Commissioner Nichols-it can be assumed that DWYER has a similar contract spelling out his supervisor duties which state to set policy for his department and police employees.

GROUND FOUR

TRIAL COURT ERRED TO PREJUDICE OF APPELLANTS WHEN IT DID NOT FIND
THAT APPELLANTS STATED A 'STATE CREATED DANGER"="SCD" CLAIM BY
TOWING 4 CARS AND TAKING PERSONAL PROPERTY DURING COVID LOCKDOWN
PER THAT FACTS ECF 6 SAME AS IF REWRITTN HEREIN THE DEFENDANTS
VIOLATED THE PLAINTIFFS' CONSTITUTIONAL RIGHTS UNDER THE UNITED
STATES CONSTITUTION, 5th, 14th AMENDMENT, Due Process Cl, SEC 1983, 1985, 1988
OF USC TILE 42

"SECTION 1983 IMPOSES CIVIL LIABILITY ON A PERSON ACTING UNDER COLOR
OF STATE LAW WHO DEPRIVES ANOTHER OF THE 'RIGHTS, PRIVILEGES, OR
IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS.'" *KALLSTROM V. CITY
OF COLUMBUS*, 136 F.3D 1055, 1060 (6CA) (QUOTING 42 U.S.C. § 1983). "[W]HILE THE
STATE GENERALLY DOES NOT SHOULDER AN AFFIRMATIVE DUTY TO PROTECT
ITS CITIZENS FROM PRIVATE ACTS OF VIOLENCE, IT MAY NOT CAUSE OR
GREATLY INCREASE THE RISK OF HARM TO ITS CITIZENS WITHOUT DUE
PROCESS OF LAW THROUGH ITS OWN AFFIRMATIVE ACTS." ID. AT 1066.
APPELLANTS NELSON, THROWER CLAIMS APPELLEES WARREN PROPERTY AND
MAINTENANCE DIVISION EMPLOYEES, ROBERT SCOTT SUPERVISOR, GUS
GHANAM PUBLIC SERVICE DIRECTOR, JAMES CUMMINS BUILDING DEPARTMENT
SUPERVISOR, GAUSS #22, CITY OF WARREN DOE ZONING EMPLOYEES, DOE CITY
OF WARREN MI POLICE OFFICERS ACTIONS WERE LIABLE FOR PLAINTIFFS
INCREASED "STATE CREATED DANGER" THEORY OF LIABILITY. "LIABILITY
UNDER THE STATE-CREATED-DANGER THEORY IS PREDICATED UPON
AFFIRMATIVE ACTS BY THE STATE WHICH EITHER CREATE OR INCREASE THE
RISK THAT AN INDIVIDUAL WILL BE EXPOSED TO PRIVATE ACTS OF (DANGER)."
ID. TO BRING A 'STATE CREATED DANGER' CLAIM, THE INDIVIDUAL MUST
SHOW: '(1) AN AFFIRMATIVE ACT BY THE STATE WHICH EITHER CREATED OR
INCREASED THE RISK THAT [APPELLANTS] WOULD BE EXPOSED TO AN ACT ; ..(2)
A SPECIAL DANGER TO [APPELLANTS] WHEREIN THE STATE'S ACTIONS PLACED
THE [APPELLANTS] SPECIFICALLY AT RISK, AS DISTINGUISHED FROM A RISK
THAT AFFECTS THE PUBLIC AT LARGE; AND (3) THE STATE KNEW OR SHOULD
HAVE KNOWN THAT ITS ACTIONS SPECIFICALLY ENDANGERED (appellants)' JONES
V. REYNOLDS, 438 F.3D 685, 690 (6TH CIR. 2006) CARTWRIGHT V. CITY OF MARINE
CITY, 336 F.3D 487, 493 (6TH CIR. 2003)).

Per ECF6 complaint which must be accepted as true *Anderson v. Liberty Lobby, Inc.*, 477
U.S. 242 (1986) trial court erred by not finding that appellants stated a "SCD". Per 4, 5, 14th

Amendments: in violation of "black letter law", Collins *v. Virginia*, 138 S. Ct. 1663, 201 L. Ed. 2d 9 (2018) appellees need to enter property leased by appellees-renters.

Per *Poe v. Haydon*, 853 F.2D 418, 423 (6TH CIR. 1988) *citing Harlow*, 457 U.S. AT 818). IN Kallstrom, "an individual's 'interest in preserving her life is one of constitutional dimension.'" *Kallstrom*, 136 F.3D AT 1063. Per facts, Ex Y, Z Emergency Orders, public record, Covid 19 was raging. There was no cure or vaccine. Appellees SCOTT, CUMMINS, Michaels, Fouts, GHANAM, .. et al., knew or should have known towing 4 vehicles would cause appellees to come out of "self-isolation" have to violate (D) Mayor Fouts, Gov "emergency orders" in effect to retrieve appellant Nelson=AN vehicles or lose same. This exposed appellants to "state created danger", that "1) affirmative act by then state (or employees) which either created or increased the risk that the (P) would be exposed ", 2) A special danger to (P) wherein the state's action placed appellants specifically at risk", *Cartwright v City of Marine City*, 336 F3d 487, 493 496), i.e. appellees were aware of covid, 5/1/20, appellee Fouts entering "emergency orders", Ex Y, Gov Ex Z entering emergency orders, ie "self-isolation" "harboring in place", and towing (AN) 4 vehicles would cause appellants at risk individuals, out of self-isolation to retrieve her vehicles or lose same. This makes (D) MICHAELS, SCOTT, CUMMINS, GAUSS, GHANAM, FOUTS, knew or should have known had they been properly trained acting in tandem, conspiracy, concert with appellee STI, AT LLC, Hertz Bros., Edward Hertz, Sandra Hertz, employee Sullivan.

Appellants avers per facts same rewritten herein to bring a 'state created danger' claim, the individual must show: '(1) an affirmative act by the state which either created or increased risk [appellants] would be exposed to an act ..; (2) a special danger to [appellants] .. state's actions placed [appellants] specifically at risk, as distinguished from a risk … affects public at large; and (3).. state knew or should have known that its actions specifically endangered [appellants].' *Jones v. Reynolds*, 438 f.3d 685, 690 (6th) *Cartwright v. city of Marine city*, 336 f.3d 487, 493 (6th).

Per "1) affirmative act by which state (appellees') created...risk ", i.e., towing 4 cars 5/1/20 without court order or notice, 2) special danger ..actions placed (appellants) ..at risk, 3) state knew or should have known that its actions specifically endangered the (P)" *Jones v Reynolds*, Id., I.e., by towing 4 vehicles, it can be ascertained (AN) owner would come out of self-isolation to retrieve her 4 vehicles, "created risk", "placed (P) at risk" *Jones v Reynolds*, Id. Appellees

(Ds) argue "everyone was at risk-exposed to COVID", but state actors did NOT tow everyone's 4 vehicles without notice, without court order using falsified paperwork as to address to give an "air of legitimacy". Everyone, i.e., the public did not have to come out of "self-isolation", to retrieve (their) 4 illegally towed vehicles. Hence, actions of (appellees) per FACTS-ECF6 same as if rewritten herein 5/1/20 "created risk…increased risk" to appellants and state appellees "knew or should have known that its actions (towing 4 licensed, insured, titled, plated vehicles off private property, falsifying paperwork in the process-during COVID emergency) endangered appellants *Jones v Reynolds, Id.*, (P) being "at risk" category for COVID. This violated the United States Constitutional rights of appellants, 5[th], 14th Amendment Due Process Clause and Equal Protection Clause of same.  Appellants did not need to die of COVID to state a claim. Indeed, the falsification of the address-a crime as stated *supra* shows a "consciousness of guilt", malicious animus, malicious intent to coverup,  actions of  appellees, i.e., towing 4 vehicles 5/1/20 without probable cause, search warrant, seizing same, searching property at issue leased by appellants during COVID 19 emergency and "overt act" of conspiracy of private appellees and state appellees.

endangered  appellants violates 42 USC Sec 1983, 1985, 1988 IN VIOLATION OF GOVERNORS EMERGENCY ORDERS, (D) FOUTS EMERGENCY ORDERS, Ex , Y respectively.  "A plaintiff can only invoke federal court jurisdiction.. suffered "some *threatened* or actual injury resulting from the putatively illegal action." *Linda R.S. v. Richard D.,* 410 U.S. 614, 617, 93 S. Ct. 1146,  (D)s' SERVICE TOWING INC., ABLE TOWING LLC, HERTZ BROS, (D)Sullivan towing employees, (d) doe city of warren employees,  Scott, Cummins, Gus Ghanam, Gauss #22, (D) Michaels,  (D) Fouts,  warren zoning division does ignored state, appellee city warren, MI state  and federal emergency due to COVID & used MICHIGAN EMERGENCY ORDERS to tow vehicles from private property for monetary gain without court order with "threatened ..injury resulting from putatively illegal action" *Linda RS Id.,* this violated appellants Due Process, equal protection rights under 5[th], 14th amendment united states constitution.

24) Appellants cancer survivors were self-isolating in OHIO a "low covid 19" state at the time of the 5/1/20 towing per Michigan doctor orders. See Ex K Affidavit para 22

25) (AN) Affidavit para 3 (P) MICHIGAN Dr told (AN) =NELSON "do not come to MI", a high covid state saying was "going crazy in Michigan because of covid".

22

26) CITY OF WARREN MICHIGAN WEBSITE STATES IN RE COVID 19 "THE
HEALTH AND SAFETY OF OUR RESIDENTS IS OUR PRIORITY. IT IS OF
UTMOST IMPORTANCE TO US THAT WE KEEP OUR RESIDENTS INFORMED
AND CONTINUE TO CONDUCT CITY BUSINESS DURING THESE
UNPRECEDENTED TIMES.
PLEASE VISIT THE CITY OF WARREN COVID-19 PAGE FOR INFORMATION AND
RESOURCES." *EMPHASIS THEIRS* APPROVED BY (D) appellee MAYOR FOUTS"

27) Appellants drove OH to MI to retrieve cars incurring expenses Ex FF Ohio Turnpike
Rte. 80- AKA "corona virus highway" NYC-Chicago- Toll $6.50 travelled 5/3/20 to
retrieve vehicles incurring expenses, towing charges, exposing appellants to "SCD". AN
could not retrieve 4 vehicles by herself without assistance of AT

28) because of the actions of appellees, appellants' lives were endangered-- to retrieve
(AN) 4 vehicles, (AT) entered service towing inc., 6 ft x 8 ft customer area office and
interact with (appellees) service towing inc. employees, Hertz Bros., Sandra Hertz,
Edward Hertz and enter vehicles to drive back to 7568 Hudson Ave warren mi 48091,
exposing appellants to covid  as stated in governor emergency orders-i.e., if (AT) had
caught covid in 7x8 ft service towing reception, (AN) would have been exposed.

29) (D) Service Towing Inc, (D) ABLE TOWING LLC, (D) HERTZ BROS. had a 6 in x 4
inch sign on their door window "only 1 person in the office at a time" but STI, ABLE
TOWING LLC, (D) HERTZ Bros or appellee Sullivan employee were not enforcing the
sign and allowing anyone to come into the 7 ft x 8 ft waiting room. When landlord
Thrower was retrieving vehicles, a black lady also entered facility=2 people in 7 ft x 8 ft
area exposing (AT) increased risk to exposure to covid 19, endangering .. life of high-risk
with "state created risk" due to illegal car towing conspiracy., exposing (AN) to covid
i.e., had (AT) contracted covid in 6'x 8' tow office, would have exposed (AN) to covid.

30) Appellees' (D) STI, ABLE TOWING LLC,  owners Hertz Brothers, Edward Hertz,
Sandra Hertz,  knew or should have known that their actions were in violation of 4, 5,
14th Amendment US Constitution.,  ie., taking cars off private property even if directed
by WARREN Maintenance DIV employees, (D) -appellee SCOTT  property maintenance
division supervisor, JAMES CUMMINS, GUS GHANAM,  GAUSS #22, JOHN DOES,
DOE warren zoning division employees & knew or should have known that their actions

23

were in violation of United States Constitution i.e., entering private property to tow vehicles without court order during covid pandemic.

31) MICHIGAN DEPARTMENT OF STATE (DOS) issued "abandoned vehicle" Ex W pg 1-3 MAZDA 5's, Ex B Doc 1-for Silverado, NISSAN letter based on false address for each of the 4 vehicles-showing (P) as her correct address as owner 7568 Hudson Ave and the falsified address the 4 cars were towed from as 7528 Hudson Ave, falsified by DOE CITY OF WARREN Maintenance DIVISION employees, (D) JAMES CUMMINS, (D) GUS GHANAM, ROBERT SCOTT, (D) GAUSS #22, doe city of warren zoning division, doe employee city of warren legal division employees, MICHAELS city attorney that said vehicles fit the definition of MI ABANDONED VEHICLE when same did not fit definition Ex B (ECF 1) pg. 1-2, Ex W annexed hereto letter containing "falsified address".

32) other Michigan courts did close down because of covid, (Oakland County), a complaint was filed with MIOSHA that (d) Fouts was doing enough to protect citizens and workers from covid 19 by Warren asst attorney EMPLOYEE-using non-alcohol-based hand cleaner etc. (D) Fouts talked the talk, in re COVID, but did not recognize the seriousness of same in re his city employees running wild towing cars showing liability of appellee Fouts, city of Warren.

## GROUND NUMBER 5

Trial court erred by not finding appellants stated a claim per facts  ECF6 same as if rewritten herein, which "must be accepted as true"  complaint  which must be accepted as true *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) deprived appellants of United States Constitutional rights of Due Process of law, 4, 5, 14th Amendments: in violation of "black letter law",  *Collins v. Virginia*, 138 S. Ct. 1663, 201 L. Ed. 2d 9 (2018)

I. 5th Amendment Due Process, 4th Amendment illegal search and seizure: The due process clause of the Fourteenth Amendment ensures that no party will be deprived of property without notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S. Ct. 1983, 1994, 32 L. Ed. 2d 556 (1971); *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 1191, 14 L. Ed. 2d 62 (1965). The Fourteenth Amendment protection of property has been broadly extended to "any significant property interest." *Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S. Ct. 780, 786, 28 L. Ed. 2d 113 (1971). It is undisputed that the uninterrupted use of one's vehicle is a substantial property interest, and that before the "local government may so interrupt its use, the owner is entitled to due process." *Graff v. Nicholl*, 370 F. Supp. 974, 981 (N.D.Ill.1974); *see also Bell v. Burson*, 402 U.S. 535, 539, 91 S. Ct. 1586, 1589, 29 L. Ed. 2d 90 (1971); Per facts *supra* same as if rewritten herein the (D)s' violated appellants II. US Constitution *Fourth Amendment rights applicable to (P)'s via the 14th Amendment US Constitution*

Appellants allege taking of 4 vehicles off private property of appellant Nelson & personal property of (AT)= appellant Thrower  5/1/20  without notice, when courts were open &  Covid as raging and appellant city of Warren was on covid lockdown,  without court order is an improper seizure prohibited by Fourth Amendment. The goals of Fourth Amendment include the protection of privacy against arbitrary invasion ... ". *United States v. Ortiz*, 422 U.S. 891, 95 S. Ct. 2585, 45 L. Ed. 2d 623 (1975); *Chimel v. California,* 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969); *Berger v. State of New York,* 388 U.S. 41, 87 S. Ct. 1873, 18 L. Ed. 2d 1040 (1967).  This much was made clear in *Jacobsen, supra*, where we explained that the first clause of the Fourth Amendment

"Protects two types of expectations, one involving `searches,' the other `seizures.' A `search' occurs when an expectation of privacy that society is prepared to consider reasonable is

infringed. A `seizure' of property occurs where there is some meaningful interference with an individual's possessory interests in that property." 466 U. S., at 113.

See also *id.*, at 120; *Horton* v. *California*, 496 U.S. 128, 133 (1990); *Arizona* v. *Hicks*, 480 U.S. 321, 328 (1987); *Maryland* v. *Macon*, 472 U.S. 463, 469 (1985); *Texas* v.*Brown*, 460 U.S. 730, 747-748 (1983) (Stevens, J., concurring in judgment); *United States* v. *Salvucci*, 448 U.S. 83, 91, n. 6 (1980). THE 4th amendment of the united states constitution is applicable to appellees via the 14th AMENDMENTS DUE PROCESS CLAUSE. Appellants state both "SEARCH" and "SEIZURE" rights were violated. When (Ds) entered (P) leased property, same was a "search", when (Ds) took plaintiff's 4 cars without warrant or "probable cause"-same was a "seizure" 5/1/20, since there was no "ticket" issued, the Warren Court process as to order, search warrant or notice was activated

64. Per facts *supra* same as if rewritten herein ISSUE AND ORDER THAT the (D)'s violated appellants United States Constitutional rights to due process and/or equal protections of the laws 4,5,14[TH] amendment

26

Wherefore, appellants pray will Court reverse and remand on the authority of *Collins v. Virginia*, 138 S. Ct. 1663, 201 L. Ed. 2d 9 (2018), and to find appellants state a Due Process claim for not being allowed to file a police report, and state a "SCD" per the facts.

Respectfully submitted,

Albert Thrower pro'se    Elizabeth Nelson pro'se

## CERTIFICATE OF SERVICE

A copy of this brief has been served on the below appellees 7/3/24

Mark Straetmans/ Rachel Selina  255 E Brown St #320 Birmingham, MI 48009  tel

2486459680

mstraetmans@berrymoorman.com

rselina@berrymoorman.com

Jenifer Mead     PO Box 806042 St Clair Shores, MI 48080   tel 3134851250

meadjenn@hotmail.com

Law Offices of **Thomas H. Stidham. 1401 W Fort St. Rm 1006. Detroit, MI** 48233. Telephone: (248) 303-0306. Fax: (313) 832-7661.

Tsstidham@hotmail.com

Albert Thrower ,pro se   Elizabeth Nelson pro se

27



**PRESS FIRMLY TO SEAL**

**PRIORITY MAIL EXPRESS®**

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.

**USPS.COM/PICKUP**

PS10001000006

EP13F July 2022
OD: 12 1/2 x 9 1/2

This package is made from post-consumer waste. Please recycle - again.

**FOR D**

**RECEIVED**

**JUL 01 2024**

**KELLY L. STEPHENS, Clerk**

■ Gua
■ Gua
■ USI and
■ Pick
■ Don (res
■ Sign
■ Mone selec See C
† Mone Insura Dome
WHEN US

US POSTAGE AND FEES PAID    easypost
2024-07-03
44102
C4704558
Commercial
0.5 LB ZONE 3                  00010000014360

**USPS PRIORITY MAIL EXPRESS**

ALBERT THROWER                                    **0007**
1312 W 60TH ST APT 3
CLEVELAND OH 44102-1826
                                                  C023
WAIVER OF SIGNATURE

SHIP TO: 6TH CIRCUIT CLERK #540
POTTER STEWART  U.S COURTHOUSE
100 E 5TH ST RM 540
CINCINNATI OH 45202-3988

**USPS TRACKING#**

9470 1361 0553 6406 0128 52